IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 05-0389-WS-D |
| | ) | |
| **LEVAN THOMAS,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on a flurry of recent filings by plaintiff Robert L. Johnson, including a request to proceed on appeal without prepayment of fees and costs (docs. 11, 13) as well as his attempt to refile his Complaint (doc. 14).

On July 6, 2005, after reviewing Johnson's Complaint, motion for leave to proceed *in forma pauperis*, and inmate financial account records from Holman Prison, Magistrate Judge Kristi K. DuBose entered an Order (doc. 7) granting Johnson's motion to proceed without prepayment of fees and ordering him to remit to the Clerk of Court, within 20 days, a money order for $6.56, as a partial filing fee. Johnson was warned that failure to comply with the order within the prescribed time could result in dismissal of his action. Yet Johnson failed to submit the requisite partial filing fee and, in fact, failed to respond in any manner to the Order. As a result of Johnson's noncompliance, Magistrate Judge DuBose entered a Report and Recommendation (doc. 8) on August 26, 2005, wherein she recommended that the Complaint be dismissed without prejudice pursuant to Rule 41(b), Fed.R.Civ.P. Although Johnson was informed that he had 10 days in which to file objections to the Report and Recommendation, he remained silent. Given the lack of objections and after review of relevant portions of the file, the undersigned entered an Order and Judgment (docs. 9 & 10) on September 30, 2005, adopting the Report and Recommendation and dismissing this action without prejudice for failure to prosecute and to abide by the Court's Orders.

On October 24 and 27, 2005, Johnson filed two handwritten pleadings (docs. 11, 13). Although they are virtually illegible, these documents apparently express plaintiff's intent to appeal from the Order and Judgment and request permission to proceed on appeal without prepayment of fees and costs.[1]

Notwithstanding his apparent indigent status, Johnson has no absolute right to appeal *in forma pauperis*. Rather, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.*; *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

Upon review of the Order and Judgment from which Johnson appeals, the Court readily concludes that the instant appeal was not taken in good faith, that it is plainly frivolous, and that Johnson

---

[1] In particular, the October 24 filing appears to state, "I wish to appeal this matter as soon as possible," and further to indicate, "comes now your Defendants [*sic*] Robert L. Johnson and moves this court for an order granting leave to appeal in forma papurs [*sic*]." (Doc. 11, at 1-2.)

has little or no chance of success. The Magistrate Judge ordered Johnson to pay a partial filing fee of $6.56. He did not pay the filing fee, nor did he otherwise respond to the order. The Magistrate Judge recommended dismissal of this action without prejudice based on Johnson's failure to pay the requisite partial filing fee. Again, Johnson failed to respond or to set forth any objections. To date, Johnson has still never adequately explained why he failed to pay the filing fee, why he disregarded the previous orders entered by this Court, and what grounds he possibly has for appealing the Order and Judgment.[2] Johnson has failed to identify any colorable basis for appeal or for concluding that this Court's disposition of this action was in error, and the Court has been unable to discern any such basis. As such, plaintiff's appeal is frivolous. He is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3), and his motion to proceed on appeal without prepayment of fees and costs is **denied**.

In addition to his failed attempt to secure IFP status on appeal, Johnson has endeavored to refile his Complaint. Indeed, on November 7, 2005, Johnson filed a new § 1983 Complaint (doc. 14)[3] and Motion for Leave to Proceed *In Forma Pauperis* (doc. 15), as well as a one-page pleading (doc. 16) in which he states, "I will pay the filing fee cause I want this matter heard." Because the previous dismissal was without prejudice, Johnson is entitled to refile the Complaint, subject to his obligation to pay filing fees as ordered by the Court. The problem is that, administratively, it is improper for this new

---

[2] After careful attempts to decipher Johnson's filings, the Court surmises that Johnson's explanation for his noncompliance with the Court's orders hinges on his transfer from Holman Correctional Facility to Donaldson Correctional Facility in July 2005, during the pendency of this action. Evidently, Johnson is claiming that his mail was delayed because of his transfer and that he was confused about the status of his prison account because of such transfer. Such explanations are inadequate. It is plaintiff's obligation to keep the Court informed of changes in his mailing address. The docket sheet reflects that he did not do so; therefore, any delays in his receipt of mail from the Clerk of Court in this case are solely his responsibility and are not a valid excuse for his noncompliance with the Court's orders. Moreover, the Court knows of no reason why the transfer should have affected Johnson's ability to monitor and direct the allocation of funds from his inmate account.

[3] This Complaint, which is submitted on this District Court's form § 1983 Complaint, identifies the defendants as "same as other lawsuit" and lists his claims as "same other suit." (Doc. 14.) Thus, it is apparent that Johnson is endeavoring to refile exactly the same claims against exactly the same defendants as were encompassed in his initial Complaint.

Complaint to be filed in the 05-0389-WS-D civil action. Case number 05-389-WS-D has been closed and is presently on appeal to the Eleventh Circuit; therefore, Johnson's filing of a new Complaint must proceed as a new civil action and must be assigned a new civil action number.

To that end, the Clerk's Office is hereby **directed** to refile pleadings 14 and 15 from civil action number 05-0389-WS-D under a new civil action number, and to make an appropriate notation on the docket sheet to that effect. A copy of this Order should also be docketed in the court file for this new civil action. The Clerk's Office is further directed to notify Johnson in writing of the new civil action number, which he must use in all future filings relating to this new iteration of the Complaint. Johnson's appeal to the Eleventh Circuit will continue to proceed under the 05-0389-WS-D number.

In light of these developments, it is not satisfactory for Johnson's Complaint to list the defendants as "same as other lawsuit" and his causes of action as "same other suit." (Doc. 14.) Rather, Johnson must complete the form § 1983 Complaint completely, not simply by cursory, indefinite references to another lawsuit. His new Complaint must set forth the defendants, claims and facts completely and as a freestanding document. This requirement applies with particular force to sections III, V and VII of the form Complaint. Accordingly, Johnson is **ordered**, on or before **November 30, 2005**, to file an amended form § 1983 Complaint, using the new civil action number provided him by the Clerk's Office and filling out the form in its entirety. Failure to comply with this Order in a timely manner may result in dismissal of the new complaint for failure to prosecute and failure to comply with the orders of this Court.

DONE and ORDERED this 8th day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE