IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT L. JOHNSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 05-0389-WS-D** |
| | ) |
| **LEVAN THOMAS,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

On November 8, 2005, the undersigned entered an Order (doc. 17) denying plaintiff Robert L. Johnson's request to proceed on appeal without prepayment of fees and costs. Thereafter, Johnson, an Alabama state prison inmate proceeding *pro se* in this action brought under 42 U.S.C. § 1983, submitted a Prisoner Consent Form on Appeal (doc. 19), authorizing the withdrawal and payment of partial filing fees and incremental partial payments from his prison account until the full $255 filing fee on appeal has been paid.

The problem with plaintiff's Prisoner Consent Form is that it presupposes that he has been granted *in forma pauperis* status on appeal. In fact, he has been denied such status, pursuant to 28 U.S.C. § 1915(b). The effect of the denial of plaintiff's *in forma pauperis* request is that he must prepay the entire appellate filing fee in full. *See Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (when a prisoner seeks to appeal in a civil action *in forma pauperis*, "the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) (appeals may be made "despite failure to pay the filing fees only if the party is granted IFP status"). As one appellate court has explained, "if the district judge certifies that the appeal has not been taken in good faith, then the judge ***must not*** invoke the periodic-payment system established by § 1915(b). If the appeal is not in good faith, and the litigant therefore is not entitled to proceed *in forma pauperis*, then the docket and filing

fees must be prepaid in full." *Hyche v. Christensen*, 170 F.3d 769, 770-71 (7th Cir. 1999) (overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)); *see also Baugh v. Taylor*, 117 F.3d 197, 200 (5th Cir. 1997) ("A prisoner litigant who has been denied IFP status for appeal, or whose appeal has been certified as taken in bad faith, must pay the full filing fee and other costs when due, without the benefit of the accommodating assessment procedures found in section 1915(b).").

Inasmuch as the undersigned has denied IFP status to Johnson on appeal, he is not entitled to avail himself of the partial payment procedures set forth in 28 U.S.C. § 1915(b). His Prisoner Consent Form on Appeal represents a clear attempt to do just that; therefore, it is deemed **moot**. Johnson remains responsible for prepaying the entire $255 filing fee for his appeal.

DONE and ORDERED this 23rd day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE